| | |
|---|---|
| ANNA BELLE SCOTT for ) <br> Ronnie W. Hicks, Jr., deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 2:08-0059 <br> Judge Nixon <br> Magistrate Judge Knowles |

## ORDER

Pending before the Court are Plaintiff Ronnie W. Hicks, Jr.'s ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 13) and Motion to Remand (Doc. No. 17).[1] Magistrate Judge Knowles issued a Report and Recommendation ("Report") that Plaintiff's Motion and Plaintiff's Motion to Remand be denied and that the decision of the Administrative Law Judge ("ALJ") be affirmed (Doc. No. 19). Plaintiff filed Objections to the Report (Doc. No. 20) to which Defendant Commissioner of Social Security

---

[1] Although this action is brought on behalf of Plaintiff by Anna Belle Scott, throughout this Order, as in the Report, "Plaintiff" refers to Mr. Hicks.

-1-

filed a Response (Doc. No. 21). Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion and Plaintiff's Motion to Remand.

## I. BACKGROUND

### A. *Procedural Background*

Plaintiff first filed an application for disability insurance benefits with the Social Security Administration ("SSA") on August 31, 2004. (Tr. 23, 85-87, 103-05). Plaintiff asserted disability due to degenerative disk disease, back pain, depression, and anxiety. (Tr. 117). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 50-53, 112-115). Plaintiff filed a request for a hearing by an ALJ. (Tr. 48).

The hearing was held on December 7, 2006. (Tr. 535-49). After testimony from Plaintiff and a Vocational Expert ("VE"), the ALJ issued a denial of benefits on March 28, 2007. (Tr. 20-31). Plaintiff filed a request for a review of the hearing decision on April 25, 2007. (Tr. 18-19). On May 14, 2008, the Appeals Council entered an order denying the request for review, rendering that decision the final decision of the Commissioner. (Tr. 5-12).

On June 18, 2008, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On July 13, 2009, Magistrate Judge Knowles recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 19). Additionally, Magistrate Judge Knowles recommended that Plaintiff's Motion to Remand per Sentence Six of 42 U.S.C. § 405(g) be denied. (*Id.*). Plaintiff asserts three (3) objections to the Magistrate Judge's findings. (Doc. No. 20). Specifically, Plaintiff contends that:

> (1) the Appeals Council incorrectly decided that Plaintiff does not have an impairment equivalent to Listing 1.04A;
>
> (2) the ALJ did not give proper consideration and weight to the evidence from Plaintiff's treating mental health care providers; and
>
> (3) the Magistrate erred in recommending that this case is inappropriate for remand per Sentence Six of 42 U.S.C. § 405(g).

(Id.). The Court discusses the merits of Plaintiff's objections below.

On October 15, 2008, Plaintiff filed a Motion to Remand Per Sentence 6 of 42 U.S.C. § 405(g) attaching documents relating to Plaintiff's death in late May 2009. (Doc. No. 14). Plaintiff requests that the Court remand the case to the Commissioner to consider this new evidence. Defendant opposes the remand of the case, arguing that Plaintiff has failed to show the materiality of this evidence. (Doc. No. 18). The Court considers Plaintiff's requested remand under the discussion of the third objection, *infra*.

### B. Factual Background

The Court has reviewed the record and will discuss specific facts as they pertain to the analysis.

## II. STANDARD OF REVIEW

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). The

reviewing court will uphold the decision of the Commissioner in adopting the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Sixth Circuit defines substantial evidence as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if "the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE REPORT

    *A.    The Plaintiff objects that the Appeals Council incorrectly decided that Plaintiff does not have an impairment equivalent to Listing 1.04A*

Plaintiff points to evidence in the record, including examination findings, a lumbar discogram, and a CT scan to show that Plaintiff had evidence of nerve root compression, reflex loss, and straight-raising test equivalents sufficient to demonstrate a disorder of the spine with nerve root compression that is the equivalence of Listing 1.04A. Defendant counters that Plaintiff has not met his burden to prove all elements of the listed impairment and that the evidence pointed to does not actually show nerve root compression sufficient to illustrate the neuro-anatomic distribution of pain required for Listing 1.04A.

While the Court reviews the findings of the Commissioner for substantial evidence, it does not re-weigh the evidence or substitute its own factual findings. *See* 203 F.3d at 389-90.

-4-

The Appeals Council provided ample discussion of its review of the evidence, including citing to the July 2005 examination by Dr. Davis highlighted by Plaintiff in his objections here. (Tr. 9). While some of the evidence in the record may support Plaintiff's allegations of disability, much of the evidence, as referenced by the Appeals Council in its decision, supports the Council's determination that Plaintiff's impairments do not meet or equate to Listing 1.04A. (*Id.*). As thoroughly discussed in the Report, the Appeals Council's decision that Plaintiff failed to document evidence of nerve root compression despite showing degenerative disk disease at the cervical and lumbar levels of the spine is supported by substantial evidence.

> B.   *The Plaintiff objects that the ALJ did not give proper consideration and weight to the evidence from Plaintiff's treating mental health care providers*

Plaintiff argues that his GAF scores never exceeded 60, indicating from moderate to severe restrictions during the entire relevant period. Therefore, Plaintiff argues, the ALJ did not give proper consideration and weight to the evidence from Plaintiff's mental health care providers when determining that Plaintiff's mental impairments did not reach a disabling level of severity under the "B" or "C" criteria of Listing 12.04. (Tr. 10, 28-29). Defendant responds that Plaintiff fails to point to a legal error in the ALJ or Magistrate's analysis, rather Plaintiff hopes to reiterate the evidence of his GAF scores to illustrate moderate to severe restrictions.

Again, this Court may not substitute its own factual findings for those of the Commissioner if those findings are supported by substantial evidence. 745 F.2d at 387. The ALJ documented his review of Plaintiff's Plateau Mental Health Center treatment records, including a detailed chronology of symptoms, treatment, medications, and progress. (Tr. 28-29). While Plaintiff may have had a GAF score of 48 reported at one time, the ALJ's assessment of Plaintiff's symptoms as mild to moderate is consistent with substantial evidence in the record.

(*See* Tr. 287, 354, 356, 363, 368, 472-73, 474, 477, 483, 488, 521, 523, 525).

> C. *Plaintiff objects that the Magistrate erred in recommending that this case is inappropriate for remand per Sentence Six of 42 U.S.C. § 405(g)*

In December 2009, Plaintiff filed a Motion to Remand Per Sentence 6 of 42 U.S.C. § 405(g). (Doc. No. 17). Plaintiff requests that the Court remand the case so that the Commissioner may consider Plaintiff's autopsy report. (*See* Doc. No. 17-1). Plaintiff argues that the autopsy report shows Plaintiff had an on-going problem with hypertension. Defendant submitted a Response arguing that evidence that Plaintiff died of an enlarged heart is not material and therefore should not be considered. (Doc. No. 18). The Report concluded that such evidence was not material. The Court agrees.

The Court may order additional evidence to be taken before the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is new "only if it was not in existence or available to the claimant at the time of the administrative proceeding" and material "if there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2007). Plaintiff bears the burden of showing that these two requirements are met. *Id.*

As the Report discusses, this autopsy report from 2008 is new evidence, unavailable and therefore for good cause not presented during the 2006 hearing before the ALJ. However, Plaintiff must also show that evidence of an enlarged heart, or cardiac hypertrophy, is material, i.e., there is a reasonable probability that the Commissioner would have reached a different disposition had this evidence been available. *See id.* Plaintiff argues that such evidence is

material because it shows Plaintiff had an ongoing problem with hypertension that ultimately resulted in his death.  In assessing disability, the Commissioner evaluates Plaintiff's "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Although the record does contain medical diagnoses and documentation of Plaintiff's hypertension (*see* Tr. 222, 335, 441-470, 490-95, 505, 507), Plaintiff did not allege, nor does the record demonstrate, any functional limitation in work or daily life resulting from this hypertension.  *See* 42 U.S.C. § 423(d)(1)(A).  There is, therefore, no reasonable probability that the Commissioner would have reached a different disposition on Plaintiff's disability claim had the autopsy report been a part of the record.

For the reasons stated above, the Court **DENIES** Plaintiff's requested remand.

V.     **CONCLUSION**

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A).  Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety.  In addition, Plaintiff's Sentence Six Motion is **DENIED**.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT